This is our next case in the afternoon, which is 414 oh nine five two and maybe a state of way Versus the Mercantile Trust and Savings Bank at all for the appellate. Mr. Tucker for the athlete. Mr. Hanson. You may proceed If the court please The Case involves The Meaning of income beneficiaries whether Removal of a trustee is within the statute or within the trust whether or not the corporate representative provision is binding and essentially also the validity of the appointment paragraph and The trust as well, and I think I'm going to Jump ahead It's sort of fascinating here That the court in paragraph eight of the trust Imposed the corporate representative requirement in appointing the successor trustee when Paragraph eight and elected to ignore I Think it's the last sentence in paragraph eight which indicates that no trustee Shall be appointed by any court That paragraph also provides that no trustee Shall account for the administration of the trust to any court and the significance of those are our claim of course is They may certainly make that paragraph a void under the case we cited and Perhaps make the entire trust void and We point that out in our brief Removal of the trustee the trustee was removed by the court after a lengthy Jury trial the court handled the trust part of it And The claim of the ampullae is a couple of things one they claim that the foundation is an income beneficiary and They also claim that the word inability which I believe is in both the trust and the statute Includes removal like a great effort That argument who is the income beneficiary of the trust? I don't think there are any The settlor was the original income beneficiary the trust provides that's real estate goes to the housekeeper Mimi and that The way it came out after trial Mrs. Wade receives $300,000 and the jail Wade foundation Receives everything else. There are no income There's no duty of the trustee to Distribute income once jail is dead. It is really to administer the trust and pay Susan Transfer to Mimi and then transfer to the foundation Of course you may recall that Originally The appellant here was to receive 1 million dollars and then that was cut down Before mercantile was appointed successor trustee in 2004 They were removed by the judge after the trial the appellants claims are that the Principles of equitable deviation Exists in the state of Illinois. We cite the offerment case which refers to the restatement And We believe the restatement is part of our law We get to the question then. What are the circumstances? Why? We think the court should have applied equitable deviation they include I Think a real lack of clarity as to who are the income beneficiaries? Like we have argued that certainly a foundation is an income beneficiary So is mrs. Wade Statue I Think logically If there are no benefit income beneficiaries the statute does Subsequent part of the clause referred to beneficiaries in general In any event with respect to the application of the equitable deviation concept We also think one of the circumstances here are the fact Or is the fact that? this very same trustee was removed at trial The possibility that the appointing paragraph is void Perhaps the entire trust is void or other circumstances or utilization of the equitable Deviation doctrine and Finally the final circumstances that we don't think either the statute or the instrument in question Deals with the circumstance of removal the court in making its ruling We argue Did not exercise the discretion That would have been available had it recognized the equitable deviation doctrine the court Indicated it has no discretion and that was found By the language of the trust requiring the corporate representative Accordingly could not appoint Mrs. Wade outstanding the allegations of her petition The trustee why would if there were The set Laura wanted an institution Name and that's nobody argues about that. It was in the trust whether or not I would argue that a Set law in setting up a trust Is concerned about the dispositive provisions of the trust? Who is going to get the settlers? Well and under what circumstances I? believe you can make a reasonable argument with the niceties of the administrative provisions in a trust Are not something this step Laura really gives a great deal of thought so So if I if I say that I want my estate in a trust to be For the trustee to be a bank or a similar institution, that's a nicety I Think so yes, that's our argument Well, how do you know which parts of the trust instrument to follow in which to ignore Well Typically you would follow all of the trust provisions but in this instance our argument is that the court would have been justified in Imposing the Principles and appointing Mrs.. Way In any event There is no there was no evidence by the trustee Presented no evidence or testimony. They did not even show that they were qualified to accept trust which is one of the Requirements in paragraph a itself and Yet The court reappointed the trustee that has been removed it is an administrative provision To require the corporate trustee and equitable deviation goes to the Administrative provision you argue in your brief something about Language being boilerplate What does that mean Are you suggesting that there's something appears to be boilerplate that I'm suggesting to be disregarded? Yeah, I'm suggesting that the requirement of the corporate representative is Boilerplate, and I think we provide the court in our briefs a paragraph which comes right out of a form book It seems to me so does that mean it's it's not because it came out of a form book does that mean that They didn't mean it It's to be ignored Maybe it comes out of a form book because everyone likes it could be our position is that It is an administrative provision. It is not a substantive provision It's not the kind of thing that this man under these circumstances Would have been concerned about and Under the circumstances set out in Mrs. Wade's, Mrs. Barr, I'm sorry, his petition We felt that the doctrine of equitable deviation was sufficient And that the court committed error in failing to acknowledge That the court had any discretion Of course it is error To failure to exercise Discretion and the court here failed to recognize the discretion that the doctrine allows and failed to exercise the discretion saying only that The language of the trust controls yet in the same breath Ignoring the last sentence of paragraph 8 of the trust which is not only Shall no court appoint a Trustee it also says that no trustee shall ever account to a court We call this the non trust trust Are there any further questions? Thank you Mr. Hanson Thank You We believe that the court did not abuse this discretion the central purpose of the trust is to ascertain what the settlers intent is from the document as a whole and unless that Language is contrary to public policy illegal or impossible that the court cannot create an ambiguity where one does not exist and as such the Successor trustee appointment here was not an abuse of discretion Languages, mr. Tucker is cited and we've mentioned in all the briefs and you have before you Indicates that the appointment has to be a bank Or a trust company qualified to accept trust in this case the court appointed bank is bar Ironically has to appoint herself And didn't come up with a bank or a successor trustee in effect quote Banking on the proposition that the court should create ambiguity and use equitable deviation When the court looks to the trust I believe mr. Wade was clear He had himself originally as the trustee and then Bank of America was his successor and then thereafter Anyone else should be a six any other successor trustee was to be a bank or a trust company I think the court was bound to follow his intent. It's not vague. It's not illegal. It's not against public policy so once that Language is interpreted the next question becomes who can appoint We believe that the only income beneficiary was the jail wait foundation in fact is bar Got nothing other than an outright gift Miss Hugh got an outright gift and as the vena court the vena decision says the court indicated that the income beneficiaries are in fact those whose The principal has been accumulated to disperse at a later date That's the case here at the jail wait foundation is the only income beneficiary pursuant to the trust document Entity that could come forth and ask for an appointment and in this case they brought forth a mercantile bank This bar as I said did not even Bring up anybody other than herself so we think the vena court as Jessica you decided Supports the position that the foundation is in fact the income beneficiary that there was no ambiguity to Proceed with a Deviation argument and some of the cases cited talk about the equitable deviation only Taking place when the provisions of the trust are impossible illegal or against public policy And in this case, we don't think any of those applied to the current situation the Issue actually is As I said once the trustee comes forth with the successor trustee appointment with the bank or the trust company qualified to accept trust complied with the language the Income beneficiary the foundation nominated mercantile bank There's no use of discretion in this case. I don't have much else to offer unless there's And what Do you have any question that the foundation is the income beneficiary? No, if you look at the provision in the in the trust As I said, miss bar and miss you took outright gifts and then the Remaining language in the trust says the trustee shall distribute the balance of the estate whatever is left after that to the foundation and the Vena court is cited in our brief kind of had the same type of situation there The remainder beneficiaries in that case which the jail wave foundation would be a remainder beneficiary We're found to be income beneficiaries because they inevitably receive the accrued income property the district whatever's left they're gonna get it and And some of that's going to accrue during the period of the trust before it's paid over to the foundation Miss you who has since passed her estate now we'll get that and Miss bar will get her outright gift Let's held up by the jury trial Thank you. Thank you your bottle mr. Tucker You It seemed to me that under the argument Presented in a police brief that they made it quite clear that Miss bar and the foundation Were Both income beneficiaries under their test because either one might receive income There's no in crack requirement in the trust that any particular corpus be paid out actually in this trust There's no showing that there's going to be any income in light of the Fees that have been applied to the trust Is the reason is the gift your client going to receive out of the trust? Yes, and it may come from income or principle Just like the foundation There are no questions, thank you very